UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:22-CR-51-TAV-DCP-2 |
| MISTY WOMBLES, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's *pro se* motion for review of prior sentencing credit [Doc. 100]. Defendant states that she was assured by her attorney that she would receive credit towards her federal sentence from her time spent in custody from June 26, 2022, to August 23, 2023 [*Id.* at 1]. However, defendant asserts that when she arrived at the Bureau of Prisons ("BOP") in April 2024, she discovered that she would not be awarded credit for this 14-month period [*Id.*]. Defendant provides that she has completed the administrative remedy process with no avail, asking the Court to review her motion and determine the issue of prior sentencing credit [*Id.* at 2].

In response, the government contends that defendant's motion should be denied as defendant has not identified any authority for the Court to grant such relief [Doc. 101, pp. 1–2]. Moreover, the government submits that defendant's prior time in custody was credited towards her state sentences in Kentucky [*Id.* at 2–3]. Therefore, absent any evidence to the contrary, the government maintains that the BOP "rightly declined to grant [defendant's] credit toward her federal sentence" [*Id.* at 3]. The government further notes

that while a defendant may seek judicial review of sentencing credits under 28 U.S.C. § 2241 after exhausting administrative remedies, any such § 2241 petition must be filed in the district of confinement, and defendant is not confined in this district [*Id.* at 3–4 (citations omitted)].

The Court begins by noting that it "cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)," *United States v. Williams*, No. 05-20377, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008), because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (first citing 18 U.S.C. § 3585(b); then citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) (citation omitted) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."); *United States v. Stanley*, No. 22-1500, 2022 WL 17881554, at *1 (6th Cir. Dec. 20, 2022) (citation omitted) (noting that the United States Supreme Court has held that a district court does not have jurisdiction to apply credit against a sentence under 18 U.S.C. § 3585(b)).

If the BOP declines to credit the defendant's time served, the defendant may then raise her claim through its Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq*.). After exhausting her administrative remedies, the defendant may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement, rather than here, in the sentencing court. *Id.* As noted by the government [Doc. 101, p. 4], defendant is currently housed at Federal Prison Camp ("FPC") Alderson, which is located

within the jurisdiction of the United States District Court for the Southern District of West Virginia.  *See Inmate Locator*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 20, 2025);  *FPC Alderson*, FED. BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/ald/ (last visited Nov. 20, 2025); 28 U.S.C. § 129(b).  Because this Court does not lie in the district of defendant's confinement, the Court would lack jurisdiction over any § 2241 claim made by defendant here.  *See United States v. Gaddy*, No. 3:19-CR-00307, 2024 WL 5171179, at *1 (M.D. Tenn. Dec. 19, 2024).

Accordingly, for the reasons set forth above, defendant's *pro se* motion to review prior sentencing credit [Doc. 100] is **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE